MANDATE

# United States Court of Appeals

## For the First Circuit

No. 03-1794

UNITED STATES,

Appellee,

v.

SAYYID COGGINS,

Defendant, Appellant.

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

**JUDGMENT**
**Entered: January 11, 2006**

On July 1, 2004, we summarily affirmed the sentence imposed after the appellant, Sayyid Coggins ("Coggins"), pled guilty to heroin distribution. Coggins then sought further review in the United States Supreme Court. The Supreme Court vacated judgment and remanded the case to us for reconsideration in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). We invited supplemental briefing on whether the case should be remanded to the district court for resentencing in accordance with Booker. After a thorough review of the record and the parties' briefs, we conclude that the appellant has failed to establish that remand for resentencing is warranted under Booker, and, accordingly, we affirm the sentence.

The appellant concedes that he did not preserve the issue below, and that to obtain a remand, he must establish circumstances creating "a reasonable probability that he would have received a more lenient sentence under an advisory guidelines regime." United States v. Martins, 413 F.3d 139, 154 (1st Cir.), cert. denied, -- U.S. --, 126 S.Ct. 644 (2005).

The appellant was sentenced as a career offender at the low end of the guidelines range, as recommended by the government pursuant to a plea agreement. Coggins' chief argument is that, under the post-Booker advisory regime, the district court is likely

to reconsider Coggin's status as a career offender. On this point, Coggins faces an up-hill battle, primarily because of several specific comments the district court made at sentencing that indicate that the court had no reservations about the career offender designation or the sentence imposed. Cf. United States v. Estevez, 419 F.3d 77, 80 (1st Cir. 2005)(remand unwarranted where "sentencing judge made a number of statements indicating his belief in the appropriateness of the sentence imposed"), petition for cert. filed, (U.S. Dec. 21, 2005)(No. 05-8322). Among other things, the district court stated that it was satisfied that the guidelines range applied to Coggins, Sent. Tr. at 9, and expressly found that "the career criminal level of his criminal history adequately and accurately reflects his prior criminal conduct." Id. Further, the court understood that it "probably [had] discretion," id., to depart downward from the career offender calculus, but specifically declined to do so in this case "because of [Coggins'] prior criminal record, and the quality of it, and the fact that he's been the worst kind of recidivist continuing to deal in heroin." Id. Cf. United States v. Jiménez, 419 F.3d 34, 46-47 (1st Cir. 2005) (Booker remand unwarranted where district court stated that it would not exercise its discretion to depart downward), petition for cert. filed, (U.S. Dec. 21, 2005)(No. 05-8248). The court further commented that Coggins "didn't learn his lesson from the [prior] state court convictions," id. at 8, and that Coggins was now "going to have to do some serious time." Id. at 9. Indeed, the district court flatly stated that Coggins was "fortunate he[] [was] only looking at 12 and-a-half years right now." Id.

In light of these and other unambiguous statements by the sentencing court, and the court's exercise of discretion not to depart downward, Coggins' various other arguments, such as his reliance upon studies critical of the career offender guideline provisions and his new claims that suggest a troubled upbringing, do not convince us of the "reasonable probability" that the district court would impose a more lenient sentence under an advisory guidelines regime.

Affirmed. See Loc. R. 27(c).

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

[signature]
**Deputy Clerk**

**Date:** 3/1/06

By the Court:
Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________
Chief Deputy Clerk.

[cc: Victor J. Beretta Jr., Esq., Chauncey B. Wood, Esq., Mary E. Rogers, AUSA]